Mr. Larry Norris, Director Arkansas Department of Correction P.O. Box 8707 Pine Bluff, AR 71611-8707
Dear Mr. Norris:
You have presented the following question for my opinion:
 Under the provisions of A.C.A. § 16-93-609, is a person eligible for parole on a second sentence if he commits two violent crimes, is apprehended, tried, and convicted on one of the crimes, and then is subsequently tried and convicted on the second violent crime, but has not served any time for the first conviction?
RESPONSE
It is my opinion that A.C.A. § 16-93-609 does not apply to a situation such as you have described, and the offender in question would not be rendered ineligible for parole on the second sentence.
A.C.A. § 16-93-609 states:
 (a) Any person who commits murder in the first degree, § 5-10-102, rape, § 5-14-103, or aggravated robbery, § 5-12-103, subsequent to March 24, 1983, and who has previously pleaded guilty or nolo contendere to, or been found guilty of, murder in the first degree, § 5-10-102, rape, § 5-14-103, or aggravated robbery, § 5-12-103, shall not be eligible for release on parole by the Post Prison Transfer Board.
 (b)(1) Any person who commits a violent felony offense or any felony sex offense subsequent to August 13, 2001, and who has previously pleaded guilty or nolo contendere to, or been found guilty of, any violent felony offense or any felony sex offense shall not be eligible for release on parole by the board.
 (2) For purposes of this subsection, "a violent felony offense or any felony sex offense" means those offenses listed in § 5-4-501 (d)(2).
A.C.A. § 16-93-609.
The language of the above-quoted statute is clear and unambiguous. It requires a particular chronology. The second offense must be committedafter the defendant has pled guilty or nolo contendere to, or has been found guilty of the first offense. Accord, Op. Att'y Gen. No. 88-156
(construing a previous version of A.C.A. § 16-93-609). The disposition of the first offense must precede the commission of the second offense.
I note that your question raises the issue of whether the offender in question has been incarcerated for previous offenses. The question of whether the offender has served a sentence for the first conviction is not the operative fact. Although previous incarceration is a pertinent issue in the applicability of A.C.A. § 16-93-606 and -607, the pertinent question under A.C.A. § 16-93-609 is whether the commission of the second offense occurs after the defendant has pled guilty or nolo contendere to, or has been found guilty of the first offense.
I acknowledge that the conclusion I have reached in this opinion may bring about incongruous results. If so, the problem is one that is most appropriately addressed by the General Assembly.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General